1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE LEE,

11            Plaintiff,                    No. 2:10-cv-2220-GEB-DAD P

12       vs.

13   STEPHEN PASS, et al.,

14            Defendants.             FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   28 U.S.C. §  1983.  Before the court is a motion to dismiss the complaint pursuant to Rule

18   12(b)(6) of the Federal Rules of Civil Procedure filed on behalf of defendants Behler and White.

19   When plaintiff filed no opposition to the motion, on January 5, 2012 the court ordered plaintiff to

20   file his opposition, if any, to the motion to dismiss within thirty days of the order.  On February

21   13, 2012, plaintiff was granted an additional thirty day extension of time to file his opposition, if

22   any, to the motion to dismiss brought on behalf of defendants Behler and White.  Nonetheless,

23   plaintiff has still failed to file any opposition to the pending motion.

**BACKGROUND**

25            On May 16, 2011, the court issued its screening order, determining that plaintiff's

26   complaint stated a cognizable First Amendment claim against defendants Williams, McDonald,

1

1    Behler and White for interfering with plaintiff right to access the courts.  (Doc. No. 6 at 2.)  At

2    that time the court also deemed that service of the complaint was not appropriate with respect to

3    named defendants Mirich, Warden Dickinson, Deputy Attorney General Pass, and Swan.  (Id.)[1]

4            On November 15, 2011, defendants McDonald and Williams filed their answer.

5    On the same day, defendants Behler and White filed the pending motion to dismiss.  As noted

6    above, plaintiff has filed no opposition to the pending motion to dismiss despite being provided

7    additional time to do so.[2]  On April 6, 2012, defendants filed with the court a notice of non-

8    opposition to their motion to dismiss.  (Doc. No. 33.)

9                                **MOTION TO DISMISS**

10           In their motion to dismiss, defendants Behler and White argue that plaintiff has

11   failed to state a cognizable claim against them for denying him access to the courts in violation of

12   his First Amendment rights.  As noted by the moving defendants plaintiff alleges that the

13   defendants in general caused him to both fail to appear at court hearings and to file various

14   documents in his civil rights action that was then pending in state court.  Counsel notes, however,

15

16           [1]  As to named defendants Mirich and Dickinson, the court found that plaintiff had failed
     to allege facts which, if proven, would establish the personal involvement of those defendants in
17   denying plaintiff access to the courts.  (Doc. No. 6 at 2-3.)  The court also concluded that
     defendant Pass enjoyed absolute immunity and that plaintiff had also failed to allege facts stating
18   a cognizable claim against him.  (Id. at 3.)  The court also found that the allegation set forth in
     plaintiff's complaint that defendant Swan was responsible for the loss of plaintiff's personal
19   property did not state a cognizable claim.  (Id. at 3-4.)  Finally, the court advised plaintiff that his
     complaint had failed to state any cognizable claim for harassment or retaliation against any
20   named defendant.  In this regard, plaintiff was advised of the legal standards governing claims of
     unconstitutional retaliation and was advised that if he intended to pursue such a claim, he would
21   be required to immediately seek to file an amended complaint.  (Id. at 2 n.1.)  Plaintiff did not
     seek to file an amended complaint.
22
             [2]  It should be noted that when the court granted plaintiff a further extension of time to
23   file his opposition to the pending motion to dismiss on February 13, 2012, the court advised
     plaintiff that if he required still additional time to oppose the motion due to his alleged lack of
24   access to legal materials he was required to move for an extension of time while setting forth the
     details of his efforts to use the inmate grievance process to obtain the return of those materials
25   and explain what specific personal property he required in order to file his opposition to the
     pending motion to dismiss.  Again, since that admonition plaintiff has neither sought a further
26   extension of time nor has he filed any opposition to the motion.

1    that the only allegations of plaintiff's complaint with respect to the actions of defendant Behler

2    are that for a week preceding a telephonic court appearance, Behler attempted to contact

3    defendant Williams, the litigation coordinator, to ensure that plaintiff was properly scheduled to

4    participate in his telephonic court appearance.  (Compl. at 4.)  According to plaintiff's complaint,

5    defendant Behler informed plaintiff that he was unable to reach defendant Williams by telephone

6    but was able only to contact him by e-mail.  (Id.)  Defense counsel emphasizes that those are the

7    only allegations of plaintiff's complaint mentioning defendant Behler.  Defense counsel contends

8    that these allegations, even if accepted as true, show that Behler properly attempted to contact the

9    litigation coordinator on plaintiff's behalf in order to ensure that he was provided access to the

10   courts.

11           Counsel argues that the only mention of defendant White[3] in the complaint is

12   plaintiff's allegation that defendant  White confiscated plaintiff's work card thereby delaying

13   plaintiff's release for work.  (Id.)  Counsel notes that this sole allegation of the complaint against

14   defendant White has no relation to plaintiff's claim that his First Amendment right to access the

15   courts was violated.

16           Based on these arguments, defendants Behler and White argue that the allegations

17   of plaintiff's complaint, even if established as true, would not establish that they were involved

18   in depriving plaintiff of any constitutional right, let alone his right to access the courts, and that

19   plaintiff has therefore not stated a cognizable § 1983 claim against them.

20                                        **LEGAL STANDARDS**

21   I.  Civil Rights Action

22           The Civil Rights Act under which this action was filed provides as follows:

23           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
24           deprivation of any rights, privileges, or immunities secured by the

25   _____

26        [3]  Plaintiff also refers to defendant White as correctional officer "Slade" or correctional
     officer "(Slade) White."

                                                3

Constitution . . . shall be liable to the party injured in an action at
law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

II.  Motion to Dismiss

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (<u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

**ANALYSIS**

As noted, plaintiff has failed to file any opposition to the pending motion to dismiss, despite being granted an extension of time in which to do so.  The motion could be granted on that ground alone.  <u>See</u> Local Rule 230(l).  Although in initially screening plaintiff's complaint the undersigned authorized service on defendants Behler and White, upon further

1    reflection and for the reasons set forth in the pending motion to dismiss, the court now concludes
2    that plaintiff's complaint does not state a cognizable claim against either defendant.  Specifically,
3    the court finds that the only allegations found in plaintiff's complaint concerning defendants
4    Behler and White, even if accepted as true, fail to demonstrate the involvement of those named
5    defendants in denying plaintiff access to the courts.  In fact, according to plaintiff's own
6    allegations defendant Behler's sole involvement in this incident was to attempt to assist plaintiff
7    in contacting the litigation coordinator to facilitate plaintiff's court-ordered telephone
8    conferences.  The sole allegation of the complaint concerning defendant White are with respect
9    to plaintiff's work card and have no relation to plaintiff's denial of access to court claim, which
10   is the only claim upon which plaintiff is proceeding.

11          Based on the allegations of plaintiff's complaint and the motion to dismiss filed
12   on behalf of defendants Behler and White, the court finds that plaintiff has failed to state a
13   cognizable claim for relief against defendants Behler and White.  Therefore, the court will
14   recommend that the motion to dismiss be granted.

15                                              **CONCLUSION**

16          In accordance with the above, IT IS HEREBY RECOMMENDED that:

17          1.  The motion to dismiss filed on behalf of defendants Behler and White on
18   November 15, 2011 (Doc. No. 23) be granted; and

19          2.  Defendants Behler and White be dismissed and that this action proceed solely
20   against defendants McDonald and Williams on plaintiff's claim that he was denied access to the
21   court in violation of his rights under the First Amendment.

22          These findings and recommendations are submitted to the United States District
23   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
24   one days after being served with these findings and recommendations, any party may file written
25   objections with the court and serve a copy on all parties.  Such a document should be captioned
26   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1    shall be served and filed within fourteen days after service of the objections.  The parties are

2    advised that failure to file objections within the specified time may waive the right to appeal the

3    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4    DATED: July 18, 2012.

5

6                                                    _Dale A. Drozd_____

7                                                    DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE

8    DAD:4
     lee2220.mtd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26