1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE LEE,

11            Plaintiff,                    No. 2:10-cv-02220 TLN DAD P

12        vs.

13   STEPHEN PASS, et al.,                  FINDINGS AND RECOMMENDATIONS

14            Defendants.

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Before the court is plaintiff's request for voluntary dismissal without

18   prejudice.  Defendant Williams, the sole remaining defendant in this action, opposes plaintiff's

19   request.

20   **I. Background**

21            This action was commenced by plaintiff on August 18, 2010.  On November 15,

22   2011, defendants Behler and White filed a motion to dismiss arguing that plaintiff's complaint

23   failed to state a cognizable claim against them.  (Doc. No. 23.)  On July 19, 2012, the

24   undersigned issued findings and recommendations recommending that the motion to dismiss be

25   granted.  (Doc. No. 38.)  On August 27, 2012, the assigned District Judge adopted those findings

26   and recommendations in full by granting the motion to dismiss filed by defendants Behler and

1    White and noting that this action was proceeding solely against defendants McDonald and

2    Williams on plaintiff's claim that he was denied access to the courts in violation of his rights

3    under the First Amendment.  (Doc. No. 40.)

4            On January 23, 2013, defendant McDonald was dismissed from this action upon

5    plaintiff's request.  (Doc. No. 45.)

6            On February 19, 2013, counsel for defendant Williams filed a motion for

7    summary judgment.  (Doc. No. 47.)  On May 15, 2013, after the court's granting of one extension

8    of time in which to do so, plaintiff filed his opposition to that motion.  In his opposition plaintiff

9    objected to the declaration of the litigation coordinator at Salinas Valley State Prison, submitted

10   by defendant in support of his motion for summary judgment, on the grounds that it was

11   inadmissable hearsay.[1]  (Doc. No. 55 at 1-2.)  In addition, plaintiff requested that his action

12   against defendant Williams be dismissed without prejudice so that he may attempt to retain

13   counsel to assist him in pursuing his claim.  (Id. at 2.)  In this latter regard, plaintiff stated that he

14   has little access to the prison law library due to lock-downs at his institution of confinement and

15   that his access to legal and writing materials is also limited.  In making these representations,

16   plaintiff at least suggests that he believes he cannot adequately proceed with the action at this

17   time.

18           Defendant Williams opposes plaintiff's request for voluntary dismissal without

19   prejudice, arguing that he is entitled to finality and should not be required to face the possibility

20   that a similar claim could later be re-filed by plaintiff against him.  (Doc. No. 56.)

21   /////

22   /////

23   /////

24   _____

25           [1]  The litigation coordinator's declaration states that he can provide testimony regarding the contents of plaintiff's central file.  (Doc. No. 47-2 at 1.)  Attached to the declaration is a copy of plaintiff's "Movement History" while in the custody of the California Department of

26   Corrections and Rehabilitation and a copy of plaintiff's abstract of judgment.  (Id. at 1-2.)

**II.  Legal Standards Governing Dismissal Under Rule 41(a)(2)**

Rule 41(a)(2)[2] of the Federal Rules of Civil Procedure provides as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at
> the plaintiff's request only by court order, on terms that the court
> considers proper . . . .  Unless the order states otherwise, a
> dismissal under this paragraph (2) is without prejudice.

"The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989) (internal citation omitted).  The determination as to whether to grant voluntary dismissal under Rule 41(a)(2) is "addressed to the district court's sound discretion[.]"  Id.  Under Rule 41(a)(2), "the district court also enjoy discretion to dismiss claims with or without prejudice."  WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d 1039, 1059 n. 6 (9th Cir. 2011) (citing Romoland Sch. Dist. v. Inland Empire Energy Ctr. LLC, 548 F.3d 738, 747-51 (9th Cir. 2008) and Smith v. Lenches, 263 F.3d 972, 974 (9th Cir. 2001)).  "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal."  Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).  Where the request is to dismiss without prejudice, it should be granted under Rule 41(a)(2) "unless a defendant can show that it will suffer some plain legal prejudice as a result."  Smith , 263 F.3d at 975 (citing Waller v. Fin. Corp. of America, 828 F.2d 579, 583 (9th Cir. 1987)).  See also Luxembourg Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d at 1059 n. 6.

Legal prejudice in this context "focuses on the rights and defenses available to a defendant in future litigation."  Westlands Water Dist., 100 F.3d at 97.  It is "prejudice to some

---

[2] Here, plaintiff's request comes after defendant William has both answered and moved for summary judgment in his favor.  Therefore, Rule 41(a)(1) of the Rules of Civil Procedure does not apply.

1   legal interest, some legal claim, some legal argument." Id.  The threat of future litigation,

2   uncertainty because the dispute remains unresolved, and the expense incurred in defending

3   against the lawsuit do not constitute legal prejudice. Id. at 96-97.  "Also, plain legal prejudice

4   does not result merely because the defendant will be inconvenienced by having to defend in

5   another forum or where a plaintiff would gain a tactical advantage by that dismissal." Smith, 263

6   F.3d at 976 (citing Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982)).

7   See also Luxembourg Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d at 1059 n. 6 (affirming

8   the district court's exercise of its discretion to dismiss without prejudice because, "[h]ere, the

9   only prejudice that the Defendant [s] claim is the risk of having to defend this action again.");

10  Edstrom v. NDEX West, LLC, No. CIV S-10-0105 KJM-CKD, 2012 WL 4092420, at *2 (E.D.

11  Cal. Sept. 17, 2012) ("Here, defendant has failed to show it will suffer 'plain legal prejudice' as a

12  result of dismissal.  The fact that a voluntary dismissal will moot defendant's motion for

13  summary judgment in itself is not legal prejudice."); Thompson v. Arizona, No. CV-10-8001-

14  PCT-DGC, 2010 WL 3400512, at *1 (D. Ariz. Aug. 26, 2010) ("Plaintiff believes she has

15  meritorious claims.  She seeks a voluntary dismissal on the grounds that she filed this action with

16  the intent of obtaining legal counsel but has been unable to do so, that she is without the legal

17  resources and knowledge necessary to prosecute the case, and that she cannot financially or

18  emotionally proceed with the case pro se . . . .  Defendants have not shown that they will suffer

19  plain legal prejudice as a result of dismissal without prejudice . . . . The Court will therefore grant

20  Plaintiff's motion and dismiss this action without prejudice.").

21  **III.  Analysis**

22          In response to plaintiff's request for voluntary dismissal without prejudice,

23  defense counsel argues only that this action should be decided on the merits and that defendant

24  Williams is entitled to finality rather than have to face the possibility of plaintiff re-filing this

25  action in the future.  (Doc. No. 56 at 2-3.)  The court understands that the defendant would prefer

26  a certain and dispositive resolution of this action now.  However, as set forth above, under

1  binding Ninth Circuit authority defendant is required to show that he will suffer legal prejudice if

2  the request for dismissal without prejudice is granted.  Moreover, noting the mere threat of

3  possible future litigation and lack of finality is insufficient to meet this burden.  See Luxembourg

4  Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d at 1059 n. 6; Smith, 263 F.3d at 976.  Here,

5  defendant Williams has failed to carry his burden of showing that he will suffer legal prejudice if

6  this action is dismissed without prejudice.  See Edstrom, 2012 WL at 4092420,*2 n.3 ("[T]here

7  is no requirement in this Circuit that a plaintiff explain its reasons for seeking dismissal; rather, it

8  is the defendant's burden to show that it will suffer plain legal prejudice in opposing a plaintiff's

9  voluntary dismissal.")  Therefore, plaintiff's request for voluntary dismissal without prejudice

10  pursuant to Rule 41(a)(2) should be granted.

11  **IV.  Conclusion**

12          In accordance with the above, IT IS HEREBY RECOMMENDED that this action

13  be dismissed without prejudice.  See Fed. R. Civ. P. 41(a)(2).

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

16  days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within seven days after service of the objections.  The parties are

20  advised that failure to file objections within the specified time may waive the right to appeal the

21  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: June 6, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25  DAD:4
   lee2220.vol.dism