IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,

      Plaintiff,                  No. 2:10-cv-02220 TLN DAD P

   vs.

STEPHEN PASS, et al.,

      Defendants.           ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On June 7, 2013, the undersigned issued findings and recommendations recommending that this action be dismissed without prejudice, at plaintiff's request.  Both parties have filed objections to those findings and recommendations.  In light of those objections and because the parties have since filed a joint stipulation to dismiss this action with prejudice pursuant to Rule 41(a)(1)(a)(ii) of the Federal Rules of Civil Procedure, the undersigned will vacate the June 7, 2013 findings and direct the Clerk of the Court to close this action pursuant to the parties' joint stipulation.

/////

**BACKGROUND**

This action has been pending before the court for almost three years and, at least in its late stages, has had a complex procedural history. Plaintiff initiated this action on August 18, 2010 by filing his complaint. On November 15, 2011, an answer was filed on behalf of defendants Behler, McDonald, White and Williams. On August 27, 2012, a motion to dismiss filed on behalf of defendants Behler and White was granted. On January 10, 2013, the parties filed a joint stipulation pursuant to which plaintiff voluntarily dismissed defendant McDonald from this action pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, leaving defendant Williams as the sole remaining defendant. Thereafter, the court pretrial scheduling order was modified to allow the parties until February 19, 2013, to file any dispositive motions. On the final day for doing so, counsel for defendant Williams filed a motion for summary judgment.

On the day his opposition to the summary judgment motion was due, plaintiff filed a request for a forty-five day extension of time to file his opposition. On April 1, 2013, the undersigned granted plaintiff's request for an extension of time. Approximately forty-five days thereafter, on May 15, 2013, plaintiff filed a document with the court entitled "Opposition to Defendants (sic) Declarations and Summary Judgment." (Doc. No. 55.) Therein, plaintiff objected to the declaration the litigation coordinator at Salinas Valley State Prison submitted in support of defendant Williams' motion for summary judgment on the grounds that it constituted inadmissable hearsay.[1] (Id. at 1-2.) Most importantly, in his "Opposition" plaintiff requested that his action against defendant Williams, the lone remaining defendant, be dismissed without

/////

/////

---

[1] The litigation coordinator's declaration stated that he could testify regarding the contents of plaintiff's central file and attached thereto a copy of plaintiff's CDCR "Movement History" and a copy of plaintiff's abstract of judgment.

prejudice so that he could attempt to retain counsel to assist him in pursuing his claim.[2] (Id. at 2.)

On May 20, 2013, defendant Williams opposed plaintiff's request for voluntary dismissal without prejudice, arguing that he was entitled to finality and should not be required to face the possibility that a similar claim could later be re-filed by plaintiff against him. (Doc. No. 56.) On June 6, 2013, the court received a document from plaintiff entitled "Objection to Defendants (sic) Opposition to Plaintiffs (sic) Motion for dismissal and Plaintiff's Motion for dismissal Without Prejudice." (Doc. No. 57.)

On June 7, 2013, the undersigned issued findings recommending that this action be dismissed without prejudice as plaintiff had requested. In making this recommendation the undersigned considered plaintiff's request for voluntary dismissal to be brought pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, recognized the court's discretion to dismiss with or without prejudice as well as the importance of determining whether the defendant would be prejudiced by dismissal without prejudice and the principle that "prejudice" in this context does not result merely because the defendant may have to defend in another forum or where a plaintiff would gain a tactical advantage by the dismissal. (Doc. No. 58 at 3-5.) The parties were given fourteen days to file any objections to those findings and recommendations.

However, while that objection period remained open, on June 13, 2013, a joint stipulation bearing the June 7, 2013 signatures of counsel for defendant Williams and plaintiff was filed with the court. (Doc. No. 59.) Through that joint stipulation plaintiff dismissed this action with prejudice pursuant to Rule 41(a)(1)(A)(ii), with each party to bear their own fees and costs. (Id.) On June 17, 2013, plaintiff filed an "Opposition to Dismiss Motion," arguing that he was under the influence of medication when he signed the stipulated dismissal with prejudice on June 7, 2013, and claiming that defendant's counsel had placed undue pressure upon him by

---

[2] Plaintiff suggested that given his limited access to legal and writing materials, he believed he could not adequately continue to prosecute this civil action.

3

1  telling plaintiff that he would have to pay $850 in costs if he did not sign the stipulation to
2  dismiss with prejudice. (Doc. No. 60 at 1.)  On June 21, 2013, counsel for defendant Williams
3  filed a reply arguing that there was no intent to mislead plaintiff and that counsel had simply
4  explained to plaintiff that if the court granted defendant's summary judgment motion, counsel
5  would seek the award of costs. (Doc. No. 61 at 2.)  Defense counsel asserts that plaintiff
6  "wilfully entered into the stipulation" and that the court should honor that stipulation and dismiss
7  the case with prejudice. (Id.)  Finally, on July 12, 2013, plaintiff filed a "reply" in which he
8  again complained about defense counsel's actions and argued that he has limited access to legal
9  materials at his institution of confinement. (Doc. No. 62.)  To this latest filing plaintiff attached
10 defense counsel's letter dated November 26, 2012, in which counsel reports that defendant
11 Williams is not inclined to accept plaintiff's settlement offer but is willing to waive the $820.72
12 in taxable costs if plaintiff is willing to sign the enclosed joint stipulation dismissing the action
13 with prejudice. (Id. at 4.)

## ANALYSIS

As noted above, the June 7, 2013 findings and recommendations recommending that plaintiff's request to voluntarily dismiss this action without prejudice was based upon an analysis under Rule 41(a)(2) of the Federal Rules of Civil Procedure which provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.[3]

---

[3] "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989).  Whether to grant voluntary dismissal under Rule 41(a)(2) is "addressed to the district court's sound discretion[.]" Id.  Under Rule 41(a)(2), "the district court also enjoy discretion to dismiss claims with or without prejudice." WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d 1039, 1059 n. 6 (9th Cir. 2011) (citing Romoland Sch. Dist. v. Inland Empire Energy Ctr. LLC, 548 F.3d 738, 747-51 (9th Cir. 2008) and Smith v. Lenches, 263 F.3d 972, 974 (9th Cir. 2001)). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Westlands

However, the joint stipulation of the parties whereby plaintiff dismissed this action with prejudice which was filed thereafter, on June 13, 2013, was submitted pursuant to Rule 41(a)(1)(A)(ii). That provision of Rule 41 provides:

> Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action <u>without a court order</u> by filing: . . . a stipulation of dismissal signed by all parties who have appeared. (emphasis added).

That rule also provides that such a dismissal by a plaintiff is without prejudice "[u]nless the notice or stipulation states otherwise." Fed. R. Civ. P. 41(a)(1)(B). Here, the stipulation signed by plaintiff on June 7, 2013 and filed with the court on June 13, 2007, specifically stated that plaintiff was dismissing this action against the sole remaining defendant, defendant Williams, with prejudice. (Doc. No. 59.) Such a dismissal with prejudice is self-executing and does not require approval of the court. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) ("The dismissal [under Rule 41(a)(1)] is effective on filing and no court order is required . . . . Filing a

---

Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). Where the request is to dismiss without prejudice, it should be granted under Rule 41(a)(2) "unless a defendant can show that it will suffer some plain legal prejudice as a result." <u>Smith</u>, 263 F.3d at 975 (citing <u>Waller v. Fin. Corp. of America</u>, 828 F.2d 579, 583 (9th Cir. 1987)). <u>See also Luxembourg Gamma Three Sarl v. Spot Runner, Inc.</u>, 655 F.3d at 1059 n. 6. Moreover, "prejudice" in this context "focuses on the rights and defenses available to a defendant in future litigation." <u>Westlands Water Dist.</u>, 100 F.3d at 97. The threat of future litigation, uncertainty because the dispute remains unresolved, and the expense incurred in defending against the lawsuit do not constitute legal prejudice. <u>Id.</u> at 96-97. "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." <u>Smith</u>, 263 F.3d at 976 (citing <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d 143, 145 (9th Cir. 1982)). <u>See also Luxembourg Gamma Three Sarl v. Spot Runner, Inc.</u>, 655 F.3d at 1059 n. 6 (affirming the district court's exercise of its discretion to dismiss without prejudice because, "[h]ere, the only prejudice that the Defendant [s] claim is the risk of having to defend this action again."); <u>Edstrom v. NDEX West, LLC</u>, No. CIV S-10-0105 KJM-CKD, 2012 WL 4092420, at *2 (E.D. Cal. Sept. 17, 2012) ("Here, defendant has failed to show it will suffer 'plain legal prejudice' as a result of dismissal. The fact that a voluntary dismissal will moot defendant's motion for summary judgment in itself is not legal prejudice."); <u>Thompson v. Arizona</u>, No. CV-10-8001-PCT-DGC, 2010 WL 3400512, at *1 (D. Ariz. Aug. 26, 2010) ("Plaintiff believes she has meritorious claims. She seeks a voluntary dismissal on the grounds that she filed this action with the intent of obtaining legal counsel but has been unable to do so, that she is without the legal resources and knowledge necessary to prosecute the case, and that she cannot financially or emotionally proceed with the case pro se . . . . Defendants have not shown that they will suffer plain legal prejudice as a result of dismissal without prejudice . . . .")

5

[stipulation] of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the [stipulation]."); Miller v. Reddin, 422 F.2d 1264, 1266 (9th Cir. 1970); see also DeLeon v. Marcos, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits."); Casida v. Sears Holding Corp., No. 1:11-cv-1052-AWI-JLT, 2013 WL 1314051, at *1 (E.D. Cal. Apr. 1, 2013) (the filing of a stipulation for dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) terminates the action); Moyer v. Tilton, No. CIV S-03-1350 FCD DAD P, 2011 WL 590602, at *1 (E.D. Cal. Feb. 10, 2011) ("[T]he parties filed a stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). All of the parties signed the stipulation, and the dismissal was effective upon filing without a court order.")

Under these authorities, the joint stipulation dismissing this action with prejudice pursuant to Rule 41(a)(1)(A)(ii), signed by plaintiff on June 7, 2013 and filed with the court on June 13, 2013, was self-executing and automatically terminated this action as to the sole remaining defendant, defendant Williams, whose counsel signed the stipulation as did plaintiff. No court order was required. Plaintiff's voluntary dismissal of this action by stipulation renders the court's pending June 7, 2013 findings and recommendations moot and they will therefore be vacated.

Given the fact that such a dismissal by way of stipulation is self-executing, there may well be no final order or judgment from which plaintiff may seek relief. In any event, to the extent plaintiff's objections and filings may be construed as seeking relief from the stipulation to dismiss which he entered into, he would not be entitled to any relief that might be available. Plaintiff claims in conclusory fashion that he should be relieved of the stipulation to dismiss with prejudice that he signed because he was under the influence of his medication at the time, was unaware of what he was doing and was pressured and unduly coerced by counsel for defendant Williams to sign the stipulated dismissal. Plaintiff offers no support for these bare claims.

1  Moreover, the documents attached by plaintiff to his filings reflect no coercion or undue pressure
2  on the part of defense counsel.  Instead, the attachments establish that defense counsel merely
3  advised plaintiff that if the case proceeded and defendant Williams prevailed on summary
4  judgment, he would seeks costs to which he believed he was entitled and that, in the alternative,
5  he would agree to waive such costs if plaintiff agreed to dismiss the action with prejudice.  There
6  was nothing inappropriate about defense counsel's conduct in this regard.[4]

7        The court also notes that, contrary to his suggestion, the docket in this action
8  reflects that plaintiff was familiar with the voluntary dismissal with prejudice procedure.  Indeed,
9  plaintiff had signed exactly the same joint stipulation prepared by defense counsel when, on
10 January 9, 2013, he voluntarily dismissed defendants McDonald from this action with prejudice
11 pursuant to Rule 41(a)(1)(A)(ii).  (Doc. No. 43.)  Plaintiff has failed to establish any basis
12 entitling him to withdraw the stipulated voluntary dismissal of this action.  See Glass v. Beer,
13 No. 1:04-cv-5466-OWW-SMS-PC, 2011 WL 1528471, at *2 (E.D. Cal. Apr. 20, 2011) (denying
14 plaintiff's request to withdraw from his voluntary dismissal).

                            CONCLUSION

16  For the reasons set forth above, IT IS HEREBY ORDERED that:

17      1. The motion for summary judgment filed on behalf of defendant Williams
18  (Doc. No. 47) is denied as having been rendered moot by plaintiff's stipulated voluntary

---

[4] Although the undersigned makes no finding in this regard, the following alternative scenario appears plausible.  After filing his May 15, 2013 "opposition" to the then-pending motion for summary judgment in which he sought to dismiss this action without prejudice, plaintiff was again informed that counsel for defendant Williams would seek costs if the defendant prevailed on summary judgment.  Faced with that prospect, on June 7, 2013, plaintiff elected to sign the stipulation to voluntarily dismiss the action with prejudice, not knowing that on that same day the undersigned had issued findings and recommendations recommending that he be permitted to dismiss defendant Williams without prejudice as he had requested in his "opposition" to the summary judgment motion.  When plaintiff received those findings and recommendations he regretted that he had agreed to voluntarily dismiss with prejudice and quickly sought to withdraw from his stipulation on any grounds possible.  In short, plaintiff may well have suffered from buyer's remorse.  Even if that were the case, however, he would not be entitled to relief for the reasons set forth above.

1  dismissal of this action;

2      2. The findings and recommendations filed June 7, 2013, are vacated;

3      3. By stipulation of the parties filed June 13, 2013 (Doc. No. 59), this action is

4  dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii); and

5      4. The Clerk of the Court is directed to close this case.

6  DATED: July 24, 2013.

                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE

9  dad1
  lee2220.o-rr.1vacate

8